THAYER *versus* COMSTOCK, *Administrator.*

Where an action is brought against an administrator, upon a claim disallowed by the commissioners, after the estate is rendered insolvent, the writ should contain no order to attach the goods of the intestate. An attachment made by such a writ would be illegal.

And such a writ is abateable, either on motion or by plea, if made or filed within the time allowed by the rules of Court; but if omitted, the objection to the form of the writ is waived.

ON FACTS AGREED.

ASSUMPSIT. The plaintiff, living in the county of Cumberland, brought this suit against the defendant, who lived in the county of Washington, as administrator of the estate of Taft Comstock, who died in that county.

The estate was represented insolvent, and plaintiff appealed from the decree of the judge of probate, with respect to plaintiff's claim disallowed by the commissioners.

The writ required the sheriff to attach the property of the intestate, and that the defendant be summoned to appear, &c.

On the writ was a return of the officer that he had attached a chip, the property of the intestate, and had summoned the defendant by giving him a summons in hand.

At the term this action was entered, upon the docket under defendant's name was this entry; "Shepley & Dana, specially."

At the same term, the plaintiff obtained an order of notice upon defendant, by serving him with a copy of the writ, which was subsequently done by leaving such copy and order at his last and usual place of abode.

If the Court should be of opinion that the action could be maintained, the defendant having the full benefit of a plea to the jurisdiction, the case is to stand for trial; otherwise, plaintiff to become nonsuit.

*Shepley & Dana*, for defendant.

The writ in this case should have been an original summons merely, and served by copy. Ch. 114, § 26.

The proceeding is under c. 109, § § 17, 20, and no execution could issue, except for costs, in case the plaintiff prevails.

Here was then no service as required by law; not even a defective one, and could not be aided by the power conferred by c. 114, § 48.

The order of the Court was of no avail, therefore the case stands as it did when first entered. The plaintiff has mistaken the form of his remedy, of which mistake, by entering only a special appearance, and taking no steps having a tendency to waive objections, the defendant has not lost the right to avail himself.

*Deblois & Jackson*, for plaintiff.

SHEPLEY, C. J. — An original writ may be framed with an order to attach property, and for want thereof to take the body, or it may in form be a summons to appear, with or without an order to attach property. c. 114, § 23.

All writs of attachment against administrators are to run against the goods and estate of the deceased, but the statute does not require that a writ of attachment should be used. c. 120, § 1.

The plaintiff has, in many cases, an election to use a writ of one form or of another, but he must select one appropriate to his case; one which may be lawfully executed.

When a party appealing from a judgment of commissioners on an insolvent estate commences an action and recovers a judgment against the administrator, no execution is to be issued to enforce the collection of the damages. The amount of the judgment therefor is to be added to the list of debts.

The statute making provision for an equal distribution of such an estate, all attachments made prior to a representation of insolvency are dissolved. An attachment made afterward would be illegal. A writ which commands an unlawful act is bad in form.

The service of the writ which was used, was a correct service for such a writ. *Blanchard* v. *Day,* 31 Maine, 494.

The writ in this case was abateable, but there does not appear to have been any motion made or plea filed to have it abated or quashed. It is now too late. By agreement of parties, the case will stand for trial.